IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CONSOLIDATED WORK STATION COMPUTING, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>(1)    DELL INC. and<br>(2)    INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>    Defendants. | CIVIL ACTION NO. 6:10-cv-620<br><br>ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

      Plaintiff CONSOLIDATED WORK STATION COMPUTING, LLC files this Original Complaint against the above-named defendants, alleging as follows:

**PARTIES**

      1.    Consolidated Work Station Computing, LLC ("CWSC") is a Texas limited liability company.

      2.    Defendant Dell Inc. ("Dell") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 1 Dell Way, Round Rock, TX 78682-7000.  Dell can be served via its registered agent for service of process:  Corporation Service Company; 211 E. 7th Street, Suite 620; Austin, TX 78701-3218.

      3.    Defendant International Business Machines Corporation ("IBM") is a corporation organized and existing under the laws of the State of New York.  IBM can be served via its agent for service of process:  CT Corporation System, 350 N. St. Paul Street, Suite 2900; Dallas, TX 75201.

## JURISDICTION AND VENUE

4. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and §1338(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, each defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6. Each defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to each defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,823,475

7. On November 23, 2004, United States Patent No. 6,823,475 ("the 475 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "PC-CPU Motherboards With Common Fault-Tolerant Power Supply."  A true and correct copy of the 475 patent is attached hereto as Exhibit A.

8. CWSC is the owner of the 475 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 475 patent against infringers, and to collect damages for all relevant times.

9. Dell directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Power Edge Server products, for example its Power Edge 1955 Server Chassis product) that infringed one or more claims of the 475 patent.  In addition, Dell induced infringement and/or contributed to the infringement of one or more of the claims

of the 475 patent by its customers.  Dell's infringements were willful and with full knowledge of the 475 patent and/or with reckless indifference to its existence.

10.   IBM directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least BladeCenter products, for example its BladeCenter E Chassis, H Chassis, HT Chassis, S Chassis, and T Chassis) that infringed one or more claims of the 475 patent.  In addition, IBM induced infringement and/or contributed to the infringement of one or more of the claims of the 475 patent by its customers.  IBM's infringements were willful and with full knowledge of the 475 patent and/or with reckless indifference to its existence.

11.   CWSC has been damaged as a result of the infringing conduct by defendants alleged above and, thus, such defendants are liable to CWSC in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

CWSC hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

CWSC requests that the Court find in its favor and against defendants, and that the Court grant CWSC the following relief:

a.   Judgment that one or more claims of United States Patent No. 6,823,475 have been infringed, either literally and/or under the doctrine of equivalents, by one or more defendants and/or by others to whose infringement defendants have contributed and/or by others whose infringement has been induced by defendants;

b.   A permanent injunction enjoining defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing infringement of, or

contributing to infringement of the 475 patent;

  c. Judgment that defendants account for and pay to CWSC all damages to and costs incurred by CWSC because of defendants' infringing activities and other conduct complained of herein;

  d. That defendants' infringements be found to be willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

  e. That CWSC be granted pre-judgment and post-judgment interest on the damages caused by defendants' infringing activities and other conduct complained of herein;

  f. That this Court declare this an exceptional case and award CWSC its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

  g. That CWSC be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: November 22, 2010       Respectfully submitted,

                  /s/  Matthew J. Antonelli
                Matthew J. Antonelli (lead attorney)
                Texas Bar No. 24068432
                matt@ahtlawfirm.com
                Zachariah S. Harrington
                Texas Bar No. 24057886
                zac@ahtlawfirm.com
                Larry D. Thompson, Jr.
                Texas Bar No. 24051428
                larry@ahtlawfirm.com
                ANTONELLI, HARRINGTON &
                THOMPSON LLP
                4200 Montrose Blvd., Ste. 430
                Houston, TX 77006
                (713) 581-3000

                Attorneys for
                CONSOLIDATED WORK STATION
                COMPUTING, LLC