**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**Tyler Division**

| | |
|---|---|
| CONSOLIDATED WORK STATION COMPUTING, LLC<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>DELL INC., et al.<br><br>　　　　　　　　　　　　Defendants. | Case No. 6:10-cv-00620-LED |

## ANSWER OF DEFENDANT DELL INC.

Defendant Dell Inc. ("Dell"), by and through counsel, hereby files its Answer to the Complaint of Plaintiff Consolidated Work Station Computing LLC ("Consolidated") as follows:

## PARTIES

1. Dell has insufficient knowledge or information to form a belief as to the allegation contained in Paragraph 1 of the Complaint and therefore denies the same.

2. Dell admits the allegations contained in Paragraph 2 of the Complaint.

3. Dell has insufficient knowledge or information to form a belief as to the allegations contained in Paragraph 3 of the Complaint and therefore denies the same.

## JURISDICTION AND VENUE

4. Dell admits that the Complaint purports to state a cause of action under the patent laws of the United States, including 35 U.S.C. § 271, over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1338(a). Dell denies all other allegations of Paragraph 4.

5. Dell denies the allegations in Paragraph 5, except to admit that Dell is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at One Dell Way, Round Rock, TX 78682.

6. Dell denies the allegations contained in Paragraph 6 of the Complaint except to admit that Dell is subject to personal jurisdiction in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,823,475

7. Dell has insufficient knowledge or information to form a belief as to the allegations contained in Paragraph 7 and therefore denies the same except to admit that a copy of U.S. Patent No. 6,823,475 was attached to the Complaint.

8. Dell has insufficient knowledge or information to form a belief as to the allegations contained in Paragraph 8 and therefore denies the same.

9. Dell denies the allegations contained in Paragraph 9, except to admit that Dell has sold the PowerEdge 1955 Server.

10. Dell has insufficient knowledge or information to form a belief as to the allegations contained in Paragraph 10 and therefore denies the same.

11. Dell denies the allegations contained in Paragraph 11 of the Complaint.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, Dell asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein.

**FIRST DEFENSE**

12. Dell has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of U.S. Patent No. 6,823,475 ("the '475 Patent") and is not liable for infringement thereof.

**SECOND DEFENSE**

13. The claims of the '475 Patent are invalid and void, at least, for failure to meet the conditions for patentability set forth in 35 U.S.C. §§ 101 et seq., and more particularly, failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112 thereof.

**THIRD DEFENSE**

14. By reason of Plaintiff's failure to meet the requirements of 35 U.S.C. § 287, Plaintiffs are precluded from seeking damages from Dell for any and all alleged infringement prior to the filing of the Complaint.

**FOURTH DEFENSE**

15. Plaintiff's Complaint fails to state a claim against Dell upon which relief may be granted.

**FIFTH DEFENSE**

16. To the extent that any of Plaintiff's allegations of infringement are premised on the alleged use, sale, or offer for sale of methods, systems, apparatuses, and/or products that were manufactured by or for a licensee of Plaintiff or its predecessors-in-interest and/or provided to Dell by or to a licensee of Plaintiff or its predecessors-in-interest, such allegations are barred pursuant to license.

## **S**IXTH **D**EFENSE

17. Plaintiff is not entitled to injunctive relief because any alleged injury to it is not immediate or irreparable, and Plaintiff has an adequate remedy at law for any claims it can prove.

Dated: February 3, 2011   Respectfully submitted,

By: */s/ Deron R. Dacus*
Deron R. Dacus
Texas State Bar No. 00790553
R**AMEY** & F**LOCK**, P.C.
100 E. Ferguson, Suite 500
Tyler, TX 75702
Tel.: (903) 597-3301
Fax: (903) 597-2413
derond@rameyflock.com

*Attorneys for Defendant Dell Inc.*

OF COUNSEL:
Kimball R. Anderson
W**INSTON** & S**TRAWN** LLP
35 W. Wacker Dr.
Chicago, IL 60601
Tel.: (312) 558-5600
Fax: (312) 558-5700
kanderson@winston.com

Gail J. Standish
W**INSTON** & S**TRAWN** LLP
333 South Grand Avenue 38th Floor
Los Angeles, CA 90071-1543
Tel.: (213) 615-1700
Fax: (213) 615-1750
gstandish@winston.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2011 I electronically filed the foregoing ANSWER OF DEFENDANT DELL INC. with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record:


      */s/ Deron R. Dacus*
      Deron R. Dacus