**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| CONSOLIDATED WORK STATION COMPUTING, LLC, | § § § § | |
| Plaintiff, | § § § | CIVIL ACTION NO. 6:10-CV-620-LED |
| v. | § § § | JURY TRIAL DEMANDED |
| DELL INC. and INTERNATIONAL BUSINESS MACHINES CORPORATION | § § § § § | |
| Defendants. | § § | |

**DEFENDANT INTERNATIONAL BUSINESS MACHINES CORP.'S ANSWER TO ORIGINAL COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant International Business Machines Corporation ("IBM") answers the Original Complaint for Patent Infringement of Plaintiff Consolidated Work Station Computing, LLC ("CWSC"), as follows:

**PARTIES**

1. IBM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and therefore denies them.

2. IBM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and therefore denies them.

3. IBM admits the allegations in this paragraph of the Complaint.

**JURISDICTION AND VENUE**

4. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is deemed to be required, IBM admits that the Complaint purports to assert an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and

284-285, and that this Court has subject matter jurisdiction over patent actions under 28 U.S.C. §§ 1331, 1338(a).

5. As to itself, IBM denies the allegations in this paragraph of the Complaint. As to Defendant Dell, Inc., IBM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and therefore denies them.

6. As to itself, IBM denies the allegations in this paragraph of the Complaint. As to Defendant Dell, Inc., IBM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and therefore denies them.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 6,823,475**

7. IBM admits that United States Patent No. 6,823,475 (the "'475 Patent") entitled "PC-CPU Motherboards With Common Fault-Tolerant Power Supply" indicates on its face that it was purportedly issued on November 23, 2004. IBM admits that Exhibit A to the Complaint purports to be a copy of the '475 Patent. IBM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph of the Complaint, and therefore denies them.

8. IBM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and therefore denies them.

9. IBM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and therefore denies them.

10. IBM denies the allegations contained in this paragraph of the Complaint.

11. As to itself, IBM denies the allegations contained in this paragraph of the Complaint. As to Defendant Dell, Inc., IBM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and therefore denies them.

## PRAYER FOR RELIEF

As to itself, IBM denies that Plaintiff is entitled to any of the relief set forth in the Prayer for Relief in the Complaint. As to Defendant Dell, Inc., IBM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and therefore denies them.

IBM denies each and every allegation not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

12. Further answering the Complaint and as additional defenses thereto, IBM asserts the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

13. The Complaint fails to state a cause of action against IBM upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
(Non-infringement)

14. No product that IBM made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale infringes any asserted claim of the patent-in-suit.

15. IBM has neither contributed to nor induced another party's infringement of any asserted claim of the patent-in-suit.

16. IBM has not infringed and does not infringe any asserted claim of the patent-in-suit.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

17. Each asserted claim of the patent-in-suit is invalid under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 133, 200 *et. seq.*, and 301 *et seq*.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel, Waiver, and Laches)

18. Plaintiff's claims against IBM regarding the patent-in-suit are barred, in whole or in part, by the doctrines of estoppel, waiver, and laches.

### FIFTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel and Disclaimer)

19. Plaintiff is estopped from asserting its infringement claims against IBM under the doctrines of prosecution history estoppel and/or prosecution disclaimer.

### SIXTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 286)

20. Plaintiff's claims for damages are limited by 35 U.S.C. § 286.

### SEVENTH AFFIRMATIVE DEFENSE
### (Government Sales)

21. Plaintiff's claims for relief and prayer for damages are limited by 28 U.S.C. § 1498.

### EIGHTH AFFIRMATIVE DEFENSE
### (Misjoinder of Parties)

22. Plaintiff's joinder of these defendants is improper under Federal Rule of Civil Procedure 20, such that IBM is entitled to a separate trial.

## IBM'S COUNTERCLAIMS

As counterclaims against CWSC, IBM alleges as follows:

### JURISDICTION AND VENUE

23. These counterclaims are for declaratory judgments pursuant to 28 U.S.C. §§ 2201 and 2202. The court has jurisdiction over these counterclaims as controversy exists by virtue of Plaintiff's claims recited in its Complaint.

24. These counterclaims arise under the United States Patent Laws, 35 U.S.C. §§ 101, 102, 103, 112, 133, 200 *et seq*., and 300 *et seq*. The court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1400(b).

25. This Court has personal jurisdiction over CWSC on the bases that CWSC purports to be a Texas limited liability company, and that CWSC has submitted itself to the Court's jurisdiction by filing its Complaint in this Court. The exercise of jurisdiction over CWSC would be reasonable.

26. CWSC has admitted that venue is proper in this Judicial District.

### THE PARTIES

27. International Business Machines Corporation is a New York corporation with its principal place of business at 1 New Orchard Road, Armonk, New York 10504.

28. In its Complaint, CWSC purports to be a Texas limited liability corporation.

### FIRST COUNTERCLAIM
**(Declaratory Judgment of Invalidity of the '475 Patent)**

29. IBM incorporates by reference the responses and allegations set forth in paragraphs 1-28 of this Answer and Counterclaims.

30. The '475 Patent is invalid for failure to comply with the requirements of Title 35 of the U.S. Code, including at least 35 U.S.C. §§ 101, 102, 103, 112, 133, 200 *et seq.*, and 301 *et seq.*

31. IBM seeks a judgment declaring that the claims of the '475 Patent are invalid.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Non-infringement of the '475 Patent)

32. IBM incorporates by reference the responses and allegations set forth in paragraphs 1-31 of this Answer and Counterclaims.

33. No product that IBM made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale infringes the '475 Patent.

34. IBM has neither contributed to nor induced another party's infringement of the '475 Patent.

35. IBM seeks a judgment declaring that the claims of the '475 Patent are not and have not been infringed by IBM.

## PRAYER FOR RELIEF

WHEREFORE, IBM prays for judgment and relief as follows:

A. Declaring that the '475 Patent is invalid;

B. Entering judgment that the asserted claims of the '475 Patent are not infringed, either directly or indirectly, by IBM and that Plaintiff is not entitled to damages or injunctive relief;

C. Permanently enjoining Plaintiff from asserting against IBM any claim of patent infringement with respect to the '475 Patent;

D. Entering judgment that this is an exceptional case under 35 U.S.C. § 285 and awarding IBM its costs and attorneys' fees; and

E.  Awarding IBM such further and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

IBM demands a jury trial on all matters so triable.

DATED: February 3, 2011            Respectfully submitted,

By /s/*Robert W. Stone*
Robert W. Stone (CA SBN 163513)
QUINN EMANUEL URQUHART &
SULLIVAN LLP
robertstone@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:   (650) 801 5000
Facsimile:   (650) 801 5100

Joseph M. Paunovich (CA SBN 228222)
QUINN EMANUEL URQUHART &
SULLIVAN LLP
joepaunovich@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone:   (213) 443 3000
Facsimile:   (213) 443 3100

Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (phone)
(903) 75807397 (fax)
ema@emafirm.com

*Counsel for International Business Machines Corp.*

-8-

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 3rd day of February, 2011.

                                       /s/*Robert W. Stone*
                                       Robert W. Stone