**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

CONSOLIDATED WORK STATION COMPUTING, LLC,

Plaintiff,

v.

(1) DELL INC. and
(2) INTERNATIONAL BUSINESS MACHINES CORPORATION,

Defendants.

CIVIL ACTION NO. 6:10-cv-620

**JURY TRIAL DEMANDED**

## ANSWER TO IBM'S COUNTERCLAIM

Plaintiff Consolidated Work Station Computing, LLC answers the counterclaim of defendant International Business Machines Corporation as follows:

### JURISDICTION AND VENUE

23. Plaintiff admits that IBM has asserted counterclaims for a declaratory judgment of invalidity and for a declaratory judgment of non-infringement, and that the court has jurisdiction over those counterclaims. To the extent not specifically admitted in this answer, the allegations included in paragraph 23 of IBM's counterclaim are denied.

24. Plaintiff admits that IBM's counterclaims for a declaratory judgment of invalidity and a declaratory judgment of non-infringement arise under the Patent Act, and that this Court has subject matter jurisdiction over them. To the extent not specifically admitted in this answer, the allegations included in paragraph 24 of IBM's counterclaim are denied.

25. Plaintiff admits that this Court has personal jurisdiction over plaintiff for purposes of IBM's counterclaims for a declaratory judgment of invalidity and a declaratory judgment of non-infringement. To the extent not specifically admitted in this answer, the allegations included in paragraph 25 of IBM's counterclaim are denied.

26. Plaintiff admits that venue is proper in this district for purposes of IBM's counterclaims for a declaratory judgment of invalidity and a declaratory judgment of non-infringement. To the extent not specifically admitted in this answer, the allegations included in paragraph 26 of IBM's counterclaim are denied.

## THE PARTIES

27. Plaintiff admits that IBM is a New York corporation. Plaintiff lacks sufficient knowledge as to the truth or falsity of the remaining allegations of paragraph 27 of IBM's counterclaims and denies them.

28. Admitted.

## FIRST COUNTERCLAIM

29. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-11 of its complaint, as well as the allegations and responses set forth in paragraphs 23-28 of this answer. Plaintiff denies all allegations contained in paragraphs 12-22 of IBM's answer. Except as expressly admitted, plaintiff denies all remaining allegations of paragraph 29 of IBM's counterclaims.

30. Denied.

31. Plaintiff admits that IBM seeks, but denies that IBM is entitled to, a judgment declaring that the claims of the 475 patent are invalid. To the extent that there

are any remaining allegations in paragraph 31 of IBM's counterclaim, plaintiff denies them.

**SECOND COUNTERCLAIM**

32. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-11 of its complaint, as well as the allegations and responses set forth in paragraphs 23-31 of this answer. Plaintiff denies all allegations contained in paragraphs 12-22 of IBM's answer. Except as expressly admitted, plaintiff denies all remaining allegations of paragraph 32 of IBM's counterclaims.

33. Denied.

34. Denied.

35. Plaintiff admits that IBM seeks, but denies that IBM is entitled to, a judgment declaring that the claims of the 475 Patent are not and have not been infringed by IBM. To the extent that there are any remaining allegations in paragraph 35 of IBM's counterclaim, plaintiff denies them.

**IBM'S PRAYER FOR RELIEF**

Plaintiff denies that IBM is entitled to any relief for which it prays.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment and relief on IBM's counterclaims as follows:

A. Declaring an entering judgment that the 475 patent is valid.

B. Declaring and entering judgment that the 475 patent is infringed, both directly and indirectly, by IBM, entitling plaintiff to damages, including pre- and post-

judgment interest on damages, and injunctive relief, and that such infringement was willful entitling plaintiff to treble damages;

C. Permanently enjoining IBM from infringing with respect to the 475 Patent;

D. Entering judgment that this is an exceptional case under 35 U.S.C. § 285 and awarding plaintiff its costs and attorneys' fees; and

E. Awarding plaintiff such further and additional relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable by right.

Dated: February 7, 2011

Respectfully submitted,

/s/ Matthew J. Antonelli
Matthew J. Antonelli (lead attorney)
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4200 Montrose Blvd., Ste. 430
Houston, TX 77006
(713) 581-3000

Attorneys for
CONSOLIATED WORK STATION
COMPUTING, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Matthew J. Antonelli
Matthew J. Antonelli