**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| CONSOLIDATED WORK STATION COMPUTING, LLC, | |
| Plaintiff, | CIVIL ACTION NO. 6:10-cv-620 |
| v. | |
| DELL INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

**MOTION TO LIMIT DELL'S INVALIDITY CONTENTIONS TO A
REASONABLE NUMBER OF REFERENCES AND COMBINATIONS**

I.     INTRODUCTION

Dell served invalidity contentions that include a large number of prior art references and an incredibly large number of combinations of those references. Consolidated moves for an order requiring Dell to limit its invalidity contentions to a reasonable number of references and a reasonable number of combinations of references for each of the asserted claims. Dell has refused to limit its invalidity contentions in any way.

II.    FACTS

This case involves a single patent. Consolidated accuses Dell of infringing eight claims of the patent in suit.

Dell's invalidity contentions alone include a total of 691 invalidity references or combination of references for the eight asserted claims: 27 for claim 1; 116 for claim 2; 125 for claim 3; 28 for claim 4; 37 for claim 5; 49 for claim 6; 125 for claim 7; and 84 for claim 8. *See* Ex. 1 [Excerpts from Dell's Invalidity Contentions].

But that is not all. Dell's invalidity contentions incorporate by reference IBM's invalidity contentions. Those contentions list 28 references (some of which are "systems" for which IBM has really included multiple references). IBM's contentions state that every possible combination of these references is an obviousness combination. *See* Ex. 1 at 6 ("To the extent that any reference listed in Exhibit B is not found to anticipate an asserted claim . . . in combination with another reference listed in Exhibit B . . . renders the asserted claim obvious."). That is a total of at least 756 independent combinations, and that is counting only two-reference combinations. On top of all of this, IBM's invalidity contentions contain an additional Exhibit C that lists dozens of references that IBM's claim

1

charts then refer back to for even more obviousness combinations. *See* Ex. 1 [Excerpts from Dell's Invalidity Contentions].

### III. DELL SHOULD BE LIMITED TO A REASONABLE NUMBER OF REFERENCES AND COMBINATIONS

The purpose of the Patent Local Rules "to further the goal of full, timely, discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp.2d 819, 821-22 (E.D. Tex. 2007).

By including such a large number of references and combination of references in its invalidity contentions, particularly in view of its incorporation by reference of IBM's invalidity contentions, Dell has effectively buried the real invalidity theories it intends to advance in this litigation.

Accordingly, Consolidated asks that Dell be ordered to limit its invalidity theories to no more than five prior art references and no more than five combinations of prior art references for each asserted claim. This is a reasonable number of references for Dell to rely on at this stage of the proceedings. *See* Ex. 2 [*Synqor, Inc. v. Artesyn Tech., Inc.,* No. 2:07-cv-497 (E.D. Tex. March 25, 2010)] (limiting defendants to forty prior art references for fifty asserted claims before claim construction). This is consistent with agreements that Dell has reached in the past with other defendants in other cases. *See, e.g.,* Ex. 3 [*Acqis LLC v. Dell, Inc.,* No. 6:09-cv-148 (E.D. Tex. July 20, 2010)] (stipulated order requiring plaintiff to reduce its asserted claims to 25 claims and defendants to reduce their prior art theories to six theories per claim).

## IV.     CONCLUSION

For the foregoing reasons, Consolidated respectfully requests that Dell be required to limit its invalidity contentions to no more than five prior art references and no more than five combinations of prior art references for each asserted claim.

Dated: October 6, 2011                              Respectfully submitted,

   /s/ Matthew J. Antonelli
Matthew J. Antonelli (lead attorney)
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4200 Montrose Blvd., Ste. 430
Houston, TX 77006
(713) 581-3000

Attorneys for
CONSOLIDATED WORK STATION
COMPUTING, LLC

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 6th day of October 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                 /s/ Matthew J. Antonelli
                 Matthew J. Antonelli


**CERTIFICATE OF CONFERENCE**

  Counsel has complied with the meet and confer requirements in Local Rule CV-7(h).  This motion is opposed.  The personal conferences required by the rule were conducted by telephone on September 22, 2011, September 23, 2011, and October 3, 2011.  Matt Antonelli participated in all of the conferences on behalf of plaintiff.  On behalf of Dell, Howard Shin participated in all three conferences, Jade Laye participated in the second conference, and Deron Dacus participated in the last conference.  No agreement could be reached because defendants did not believe that they should be required to limit the number of references they are relying on in their invalidity contentions.  The parties agreed that the discussions had conclusively ended in an impasse, leaving an open issue for the court to resolve.

                 /s/ Matthew J. Antonelli
                 Matthew J. Antonelli