# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**Tyler Division**

| | |
|---|---|
| CONSOLIDATED WORK STATION COMPUTING, LLC<br><br>                                        Plaintiff,<br><br>                        v.<br><br>DELL INC. and INTERNATIONAL BUSINESS MACHINES CORPORATION<br><br>                                        Defendants. | Case No. 6:10-cv-00620-LED |

**INVALIDITY CONTENTIONS OF DEFENDANT DELL INC.**

**TABLE OF CONTENTS**

I.    Claim 1 is Invalid ................................................................................................ 4

    A.    Claim 1 is Invalid as Anticipated in View of the Prior Art ................................... 4

        1.    Reference J ............................................................................................. 4

        2.    Reference M ........................................................................................... 6

        3.    Reference N ........................................................................................... 9

    B.    Claim 1 is Invalid as Obvious in View of the Prior Art ........................................ 12

        1.    Reference F in Combination With  Reference H, I, M, N, or Q ............... 12

        2.    Reference H in Combination With  Reference A-E, G, K, L, N, O, P or Q ................................................................................................... 16

        3.    Reference O in Combination With  Reference I, M, N, or Q ................... 26

        4.    Reference P in Combination With  Reference I, M, N, or Q ................... 31

    C.    Claim 1 is Invalid Pursuant to 35 U.S.C. § 112 ................................................. 35

II.   Claim 2 is Invalid .............................................................................................. 37

    A.    Claim 2 is Invalid as Anticipated in View of the Prior Art ................................... 37

        1.    Reference N ........................................................................................... 37

    B.    Claim 2 is Invalid as Obvious in View of the Prior Art ........................................ 38

        1.    Reference J in Combination With Reference A-E, G, K, L, N, or O ........ 38

        2.    Reference M in Combination With Reference A-E, G, K, L, N, or O ...... 41

        3.    Reference F in Combination With Reference H, I, M, N, or Q and Further in View of Reference A-E, G, K, L, or O. ................................................. 43

        4.    Reference H in Combination With Reference A-E, G, K, L, N, or O ...... 48

        5.    Reference O in Combination With Reference I, M, N, or Q ................... 51

        6.    Reference P in Combination With Reference I, M, N, or Q and Further in View of Reference  A-E, G, K, L, or O. ................................................. 52

    C.    Claim 2 is Invalid Pursuant to 35 U.S.C. § 112 ................................................. 55

III.  Claim 3 is Invalid .............................................................................................. 56

    A.    Claim 3 is Invalid as Anticipated in View of the Prior Art ................................... 56

        1.    Reference N ........................................................................................... 56

    B.    Claim 3 is Invalid as Obvious in View of the Prior Art ........................................ 57

        1.    Reference J in Combination With Reference A-E, G, K, L, N, or O ........ 57

        2.    Reference M in Combination With Reference A-E, G, K, L, N, or O ...... 60

        3.    Reference F in Combination With Reference H, I, M, N, or Q and Further in View of Reference A-E, G, K, L, or O. ................................................. 63

        4.      Reference H in Combination With Reference A-E, G, K, L, N, or O. ..... 66

        5.      Reference O in Combination With Reference I, M, N, or Q ................... 70

        6.      Reference P in Combination With Reference I, M, N, or Q and Further in View of Reference  A-E, G, K, L, or O. ................................................... 71

   C.     Claim 3 is Invalid Pursuant to 35 U.S.C. § 112................................................ 74

IV.    Claim 4 is Invalid.......................................................................................................... 75

   A.     Claim 4 is Invalid as Anticipated in View of the Prior Art ................................ 75

        1.      Reference J ..................................................................................... 75

        2.      Reference M ..................................................................................... 77

        3.      Reference N .................................................................................... 80

   B.     Claim 4 is Invalid as Obvious in View of the Prior Art....................................... 84

        1.      Reference F in Combination With  Reference H, I, M, N, or Q ............... 84

        2.      Reference H in Combination With Reference A-E, G, K, L, N, O, P or Q ...................................................................................................... 89

        3.      Reference O in Combination With Reference I, M, N, or Q ................. 103

        4.      Reference P in Combination With Reference I, M, N, or Q................... 108

   C.     Claim 4 is Invalid Pursuant to 35 U.S.C. § 112................................................ 114

V.     Claim 5 is Invalid........................................................................................................ 115

   A.     Claim 5 is Invalid as Obvious in View of the Prior Art..................................... 115

        1.      Reference J Alone or in Combination With References F or H ............. 115

        2.      Reference M Alone or in Combination with References F or H ........... 117

        3.      Reference N Alone or in Combination with References F or H............. 119

        4.      Reference F in Combination With Reference H, I, M, or Q.................. 121

        5.      Reference H in Combination With Reference A-E, G, K, L, O, P, or Q.122

        6.      Reference O in Combination With  Reference I, M, N, or Q and Further in View of Reference F or H..................................................................... 122

        7.      Reference P in Combination With  Reference I, M, N, or Q and Further in View of References F or H ................................................................. 124

   B.     Claim 5 is Invalid Pursuant to 35 U.S.C. § 112................................................ 125

VI.    Claim 6 is Invalid........................................................................................................ 126

   A.     Claim 6 is Invalid as Anticipated in View of the Prior Art .............................. 126

        1.      Reference M ................................................................................... 126

        2.      Reference N ................................................................................... 127

   B.     Claim 6 is Invalid as Obvious in View of the Prior Art..................................... 128

1.      Reference J in Combination With Reference H, I, M, or N.................. 128

2.      Reference F in Combination With Reference H, I, M, or N.................. 130

3.      Reference H in Combination With Reference A-E, G, K, L, O, P, or Q and Further in View of Reference I, M, or N ................................. 131

4.      Reference O in Combination With Reference I, M, or N ...................... 133

5.      Reference P in Combination With Reference I, M, or N....................... 134

C.      Claim 6 is Invalid Pursuant to 35 U.S.C. § 112................................. 135

VII.    Claim 7 is Invalid.......................................................................... 136

A.      Claim 7 is Invalid as Anticipated in View of the Prior Art ............................... 136

1.      Reference N .................................................................. 136

B.      Claim 7 is Invalid as Obvious in View of the Prior Art..................................... 137

1.      Reference J in Combination With Reference A-E, G, K, L, N, or O...... 137

2.      Reference M  in Combination With Reference A-E, G, K, L, N, or O... 141

3.      Reference F in Combination With Reference H, I, M, N or Q and Further in View of Reference A-E, G, K, L, or O ................................. 145

4.      Reference H in Combination With Reference A-E, G, K, L, N, or O. ... 149

5.      Reference O in Combination With Reference I, M, N, or Q ................. 152

6.      Reference P in Combination With Reference I, M, N or Q and Further in View of Reference  A-E, G, K, L, or O ................................. 153

C.      Claim 7 is Invalid Pursuant to 35 U.S.C. § 112................................. 156

VIII.   Claim 8 is Invalid.......................................................................... 157

A.      Claim 8 is Invalid as Anticipated in View of the Prior Art ............................... 157

1.      Reference N .................................................................. 157

B.      Claim 8 is Invalid as Obvious in View of the Prior Art..................................... 158

1.      Reference J in Combination With Reference A-E, G, K, L, N, or O...... 158

2.      Reference M in Combination With Reference A-E, G, K, L, N, or O.... 162

3.      Reference F in Combination With Reference H, I, M, N, or Q and Further in View of Reference A-E, G, K, L, or O ................................. 165

4.      Reference H in Combination With Reference A-E, G, K, L, N, or O. ... 169

5.      Reference O in Combination With Reference I, M, N, or Q ................. 172

6.      Reference P in Combination With Reference I, M, N or Q and Further in View of Reference  A-E, G, K, L, or O. ................................. 173

C.      Claim 8 is Invalid Pursuant to 35 U.S.C. § 112................................. 176

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CONSOLIDATED WORK STATION COMPUTING, LLC, | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 6:10-CV-620 |
| v. | § § § | JURY TRIAL DEMANDED |
| DELL INC. and INTERNATIONAL BUSINESS MACHINES CORPORATION | § § § § | |
| *Defendants*. | § § § | |

## IBM'S INVALIDITY CONTENTIONS

## I.    <u>INTRODUCTION</u>

Pursuant to Rule 3-3 of the Rules of Practice for Patent Cases ("P.R.") of the Eastern District of Texas, Defendant International Business Machines Corp. ("IBM") hereby provides its Invalidity Contentions with respect to the claims identified by Plaintiff Consolidated Work Station Computing, LLC ("Plaintiff") in its Disclosure of Asserted Claims and Infringement Contentions under Patent Rule 3-1.  Plaintiff has asserted claims 1 and 4-6 of United States Patent No. 6,923,475 (collectively, the "asserted claims") against IBM.  Additionally, IBM hereby incorporates the invalidity contentions of Defendant, Dell, Inc. ("Dell"), which are attached hereto at <u>**Exhibit F**</u>.

With respect to each asserted claim and based on its investigation to date, IBM hereby: (a) identifies each currently known item of prior art that either anticipates or renders obvious each asserted claim; (b) specifies whether each such item of prior art (or a combination of several of the same) anticipates each asserted claim or renders it obvious; (c) submits or identifies a chart identifying where each element of each asserted claim is disclosed, described, or taught in the prior art, including for each element that is governed by 35 U.S.C. § 112 ¶ 6, the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and (d) identifies the grounds for invalidating asserted claims based on indefiniteness under 35 U.S.C. § 112 ¶ 2 or enablement or written description under 25 U.S.C. § 112 ¶ 1.

In addition, IBM has complied with the requirements of P.R. 3-4(a).  Pursuant to P.R. 3-4(b) and based on its investigation to date, IBM hereby produces documents currently in its respective possession, custody, or control required to accompany these Invalidity Contentions.  IBM hereby incorporates into its production all such documents produced by Dell, excluding documents related to accused instrumentalities under P.R. 3-4(a).  IBM reserves the right to rely on all such documents produced by Dell.

## II.    <u>**RESERVATION OF RIGHTS**</u>

Consistent with P.R. 3-6, IBM reserves the right to amend these Invalidity Contentions. The information and documents that IBM produces are provisional and subject to further revision as follows:  IBM expressly reserves the right to amend the disclosures and document production herein should Plaintiff provide any information that it failed to provide in its P.R. 3-1 and 3-2 disclosures or should Plaintiff amend its P.R. 3-1 or 3-2 disclosures in any way.  Further, because discovery in ongoing, including discovery directed to third parties, and because IBM has not yet completed its search for and analysis of relevant prior art, IBM reserves the right to amend and/or supplement the information provided herein, including identifying and relying upon additional references, should IBM's further search and analysis yield additional information or references, consistent with Patent Local Rules and Federal Rules of Civil Procedure.  IBM reserves the right to revise its ultimate contentions concerning the invalidity of the asserted claims, which may change depending upon the Court's construction of the asserted claims, any findings as to the priority date of the asserted claims, and/or positions that Plaintiff or its expert witness(es) may take concerning claim construction, infringement, and/or invalidity.

Prior art not included in this disclosure, whether known or not known to IBM, may become relevant.  In particular, IBM is currently unaware of the extent, if any, to which Plaintiff will contend that limitations of the asserted claims are not disclosed in the prior art identified by Defendants.  To the extent that such an issue arises, IBM reserves the right to identify additional teaching in the same references or in other references that anticipate or would have made the addition of the allegedly missing limitation to the disclosed device or method obvious.

IBM's claim charts attached to the Invalidity Contentions cite to exemplary teachings and disclosures of the prior art as applied to the features of the asserted claims.  However, a person having ordinary skill in the art generally may view an item of prior art in the context of

other publications, literature, products and understanding.  As such, the cited portions are only examples, and IBM reserves the right to rely on uncited portions of the prior art references and on other publications and expert testimony as aids in understanding and interpreting the cited portions, as providing context thereto, and as additional evidence that a claim limitation is known or disclosed.  IBM further reserves the right to rely on uncited portions of the prior art references, other publications, and testimony to establish bases for combinations of certain cited references that render the asserted claims obvious.

The references identified in the exhibits attached to the Invalidity Contentions may disclose the elements of the asserted claims explicitly and/or inherently, and/or they may be relied upon to show the state of the art in the relevant time frame.  The suggested obviousness combinations are provided in the alternative to IBM's anticipation contentions and are not to be construed to suggest that any reference included in the combinations is not by itself anticipatory.

IBM further reserves the right to assert that the asserted claims are invalid under 35 U.S.C. § 102(f) in the event IBM obtains evidence that the inventor named in the asserted patents did not invent the subject matter claimed in the asserted patents.

The Invalidity Contentions are further subject to revision and amendment pursuant to Federal Rules of Civil Procedure 26(e) and Orders of record in this matter and to the extent appropriate in light of further investigation and discovery regarding the defenses, including but not limited to Plaintiff's disclosure of its claim construction positions, the Court's construction of the claims at issue, and/or positions that Plaintiff or its expert witness(es) may take concerning claim interpretation, infringement, and/or invalidity issues.  To the extent the contentions reflect constructions of claim elements consistent with or implicit in Plaintiff's Infringement Contentions, no inference is intended nor should any be drawn that IBM agrees with Plaintiff's constructions, and IBM expressly reserves the right to contest such claim constructions.  IBM

offers these contentions in response to Plaintiff's Infringement Contentions and without

prejudice to any position they may ultimately take as to any claim construction issues.

IBM also reserves its rights to challenge the patentability of any of the asserted claims

under 35 U.S.C. § 101.

## III.   INVALIDITY CONTENTIONS

### A.   Identification of Prior Art Pursuant to P.R. 3-3(a)

#### 1.   Priority

Plaintiff asserts United States Patent No. 6,823,475 ("'475 patent") against IBM.  The

'475 patent claims priority to foreign application G.B. No. 9,926,858, filed on November 15,

1999.  IBM reserves the right to challenge the priority date based on information learned through

discovery or otherwise.

#### 2.   Prior Art Patent/Publication References Pursuant to P.R. 3-3(a)

Pursuant to P.R. 3-3(a) and subject to IBM's reservation of rights, IBM identifies each

item of prior art that anticipates and/or renders obvious one or more of the asserted claims.  The

patents/applications, publications, and systems identified are also relevant for their showing of

the state of the art and reasons and motivations for making improvements, additions, and

combinations.

Discovery is ongoing and IBM's prior art investigation and third party discovery is

therefore not yet complete.  IBM reserves the right to present additional items of prior art under

35 U.S.C. § 102(a), (b), (e), and/or (g), and/or § 103 located during the course of discovery or

further investigation.  For example, IBM expects to issue subpoenas to third parties believed to

have knowledge, documentation, and/or corroborating evidence concerning some of the prior art

listed in this and the following sections and/or additional prior art.  These third parties include

without limitation the authors, inventors, or assignees of the references listed in these

disclosures.  In addition, IBM reserves the right to assert invalidity under 35 U.S.C. § 102(c), (d) or (f) to the extent that discovery or further investigation yield information forming the basis for such invalidity.

(a)  <strong><u>Patents</u></strong>

**Exhibit A, Section A** provides a list of prior art patents that IBM has identified to date, including identifying each patent by its patent number, country of origin, and date of issue.

(b)  <strong><u>Publications</u></strong>

**Exhibit A, Section B** provides a list of prior art non-patent publications that IBM has identified to date, including its title, date of publication, and, where feasible, author and publisher.

3.  <strong><u>Product and Service References Pursuant to P.R. 3-3(a)</u></strong>

IBM also contends that the asserted claims are invalid in view of public knowledge and uses and/or offers for sale of products and services that are under 35 U.S.C. § 102(a) and/or 35 U.S.C. § 102(b) and/or prior inventions made in this country by other inventors who had not abandoned, suppressed, or concealed them under 35 U.S.C. § 102(g), and that anticipate or render obvious the asserted claims.

**Exhibit A, Section C** provides a list of prior art systems under 35 U.S.C. § 102(a), (b) and/or (g) by the name of the system and, to the extent now known, when the system became publicly known or was publicly used or offered for sale, the identities of the person or entities that make the system public, publicly used it, or make the offer for sale, and the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention. IBM provides the following contentions regarding descriptions and events on information and belief, and these contentions are supported by the information and documents that will be

5

produced by IBM and/or third parties.  As discovery is still ongoing, IBM continues to

investigate these events.

To the extent the prior art being relied upon includes a prior art product, IBM reserves

the right to rely on, as invalidating prior art under 35 U.S.C. §§ 102 and/or 103, the product

itself, any literature describing the product as printed publications, and/or any combinations

thereof.  It would have been obvious to combine any publications describing the product with

any other such publications, and/or the product itself, since they all are directed to the same

underlying subject matter (the prior art product).

**B.      Disclosure of Invalidity Due to Anticipation Pursuant to P.R. 3-3(b)**

Subject to the reservation of rights above and based on IBM's present understanding of

the asserted claims, and the apparent constructions Plaintiff is relying upon in its Infringement

Contentions, each of the prior art references listed in **Exhibit B** anticipates one or more of the

asserted claims expressly or inherently or renders obvious one or more of the asserted claims in

view of the knowledge of one of skill in the art.

**C.      Disclosure of Invalidity Due to Obviousness Pursuant to P.R. 3-3(b)**

To the extent that any reference listed in Exhibit B is not found to anticipate an asserted

claim, that reference in combination with the knowledge of ordinary skill in the art, in

combination with another reference listed in Exhibit B, or in combination with other references

listed in **Exhibit C** renders the asserted claim obvious.  It would have been obvious to one of

ordinary skill in the art, applying nothing more than their own or common industry knowledge,

to modify any of the references cited to arrive at what is claimed in the asserted claims.  It would

have been obvious to one of ordinary skill in the art to combine one or more of the references

listed in Exhibit B with one or more of the references listed in Exhibits B and C to arrive at the

claimed invention.

IBM believes that no showing of a specific motivation to combine prior art is required to combine the references disclosed in the attached charts; there was a reason to make each combination, each combination of art would have produced no unexpected results, and each combination at most would simply represent a known alternative to one of ordinary skill in the art.  *See KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 414-18 (2007) (rejecting the Federal Circuit's "rigid" application of the teaching, suggestion, or motivation to combine test instead espousing an "expansive and flexible" approach).  Indeed, the Supreme Court held that a person of ordinary skill in the art is "a person of ordinary creativity, not an automaton" and "in many cases a person of ordinary skill in the art will be able to fit the teachings of multiple patents together like a pieces of a puzzle." *Id.* at 420-21.

Nevertheless, in keeping with the Patent Rules, in addition to the information contained elsewhere in these contentions and in particular Exhibit C, IBM identifies additional motivations and reasons to combine the cited art.  Multiple teachings, suggestions, and/or reasons to modify any of the references and/or to combine any two or more of the references in Exhibits B and C come from many sources, including the prior art (specific and as a whole), common knowledge, common sense, predictability, expectations, industry trends, design incentives or need, market demand or pressure, market forces, obvious to try, the nature of the problem faced, and/or knowledge possessed by one of ordinary skill.  In addition, it would have been obvious to try combining the prior art references identified above because there were only a finite number of predictable solutions and/or because known work in one field or endeavor prompted variations based on predictable design incentives and/or market forces either in the same field or a different one.  The combination of prior art references identified in these contentions would have been obvious because the combination represents the known potential options with a reasonable expectation of success.  Additionally, one of ordinary skill in the art would have been motivated

to create combinations identified in these contentions using: known methods to yield predictable results; known techniques in the same way; a simple substitution of one known, equivalent element for another to obtain predictable results; and/or teaching, suggestion, or motivation in the prior art generally.  Also market forces in the industry, and the desire to improve features and performance, would motivate the addition of features to systems as they become available, become smaller, become less expensive, become more commonly used, provide better performance, reduce costs, size or weight, or predictably achieve other clearly desirable results.

      **D.**        **<u>Disclosure of Invalidity Pursuant to P.R. 3-3(c)</u>**

Charts provided in **<u>Exhibit D</u>** identify where each element of each asserted claim can be found in each item of prior art.  To the extent that a reference is not found to anticipate a corresponding claim, the last column of the charts identifies combinations that would render that claim obvious by pointing to the appropriate tables in Exhibit C.  Each table in Exhibit C lists the references that disclose the corresponding claim element of the asserted claims.  In addition to providing the motivation to combine the references, each table also provides examples where in each of the cited references that claim element may be found.

The prior art cited in charts listed in Exhibit D and incorporated in those charts by reference to tables in Exhibit C is illustrative and not exhaustive.  Further, these charts provide illustrative citations to where each element may be found in the prior art references.  The cited references may contain additional disclosures of claim elements, and IBM reserves the right to show where any claim elements of the asserted claims are disclosed in non-cited portions of these references.

      **E.**        **<u>Contentions Under 35 U.S.C. §112 Pursuant to P.R. 3-3(d)</u>**

Subject to the reservation of rights above, IBM provides in **<u>Exhibit E</u>** an identification of asserted claims along with an identification of the specific limitations that render the claim

invalid pursuant to 35 U.S.C. § 112 ¶ 1 as lacking written description and/or enablement support an/or 35 U.S.C. § 112 ¶ 2 as indefinite.

To the extent an asserted claim includes a limitation that is not enabled, that claim is invalid under 35 U.S.C. § 112 ¶ 1.

To the extent an asserted apparatus claim includes both apparatus and method limitations, that claim is invalid for indefiniteness under 35 U.S.C. § 112 ¶ 1.  *See, e.g., IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005) (holding invalid a system claim that includes the limitation "the user uses the input means").  To the extent an asserted method claim includes both method and apparatus limitations, that claim is invalid for indefiniteness.  *Id.*

To the extent an asserted claim includes a limitation that does not "particularly point out and distinctly claim" the subject matter because the limitation is not sufficiently definite or particular, or because the limitation is functional without satisfying Section 112, para. 6 or is not clearly limited to simply reciting a known capability of a structure or operations, the claim is invalid under the provisions of 35 U.S.C. § 112 ¶ 1 as indefinite.

## IV.     P.R. 3-4 DOCUMENT PRODUCTION

### A.     Documents Related to Accused Instrumentalities Under P.R. 3-4(a)

Based on its investigations to date, IBM hereby produces documents pursuant to P.R. 3-4(a).

### B.     Documents Related to Prior Art Under P.R. 3-4(b)

Based on its investigations to date, pursuant to P.R. 3-4(b), IBM hereby produces documents currently within its possession, custody, or control that are the prior art references identified above and/or in the attached charts in connection with IBM's P.R. 3-3(a) disclosure. IBM also incorporates into its production documents produced by Dell pursuant to P.R. 3-4(b).

DATED:  <u>June 20, 2011</u>

Respectfully submitted,


<u>/s/ Joseph M. Paunovich</u>
Robert W. Stone (CA SBN 163513)
Charles P. Emanuel (CA SBN 256671)
QUINN EMANUEL URQUHART & SULLIVAN LLP
robertstone@quinnemanuel.com
chipemanuel@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:   (650) 801-5000
Facsimile:    (650) 801-5100

Joseph M. Paunovich (CA SBN 228222)
QUINN EMANUEL URQUHART & SULLIVAN LLP
joepaunovich@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Michael E. Jones (TX SBN 10929400)
POTTER MINTON, P.C.
mikejones@potterminton.com
110 N. College, Suite 500
Tyler, Texas 75702
Telephone:  (903) 597-8311
Facsimile:   (903) 593-0846

*Counsel for International Business Machines Corp.*